[Civ. No. 2427.    Third Appellate District.—March 27, 1922.]

## LULU MIGNON MURPHY, Appellant, v. S. S. MURPHY, Defendant; ALICE K. MURPHY, Respondent.

[1] PLEADING—RELIEF—FORM, WHEN IMMATERIAL.—The form of the pleading or failure to ask for appropriate relief will not foreclose a plaintiff if, upon the facts disclosed, the plaintiff is entitled to some relief.

[2] FRAUDULENT CONVEYANCE—ACTION TO SET ASIDE—RIGHT OF JUDGMENT CREDITOR.—A judgment creditor is entitled to maintain an action to set aside a conveyance made by the judgment debtor for the purpose of defrauding the creditor of the fruits of the judgment.

[3] ID. — PLEADING — INSUFFICIENT COMPLAINT.—In this action by a judgment creditor to subject to the lien of the judgment certain properties described in the complaint, the complaint fails to show that any conveyance therein alleged was made with intent to defraud or to deprive the plaintiff of the opportunity to enforce her judgment.

[4] APPEAL—REFUSAL OF PERMISSION TO AMEND COMPLAINT—REVIEW OF ALLEGED ABUSE OF DISCRETION.—Alleged abuse of discretion in sustaining a demurrer to a complaint without permission to amend will not be reviewed on appeal, unless it appears that application for permission to amend has been made to the lower court.

APPEAL from a judgment of the Superior Court of San Joaquin County. H. D. Burroughs, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. E. White for Appellant.

John R. Cronin for Respondent.

BURNETT, J.—A general demurrer to the complaint was interposed by the defendants and it was sustained without leave to amend as to Alice K. Murphy and overruled as to S. S. Murphy. From the judgment of dismissal in favor of said Alice K. Murphy, following the order sustaining her demurrer, the appeal has been taken. From the complaint it appears that plaintiff is the daughter of S. S. Murphy by a former marriage; that on April 26, 1911, she obtained a

judgment against him for her maintenance and support in the sum of $15 per month and that the amount due under said judgment is $930, as principal, and $179.91 interest. The complaint then proceeds:

"That at the time of the filing of the action in said case No. 9896 as per Exhibit 'A' hereto attached, there stood, upon the official records of the above county, recorded in the name of said defendant, S. S. Murphy, ten acres of almonds in the Acampo Orchard and nine lots in the town of Lodi, all of which said property is located in the above county.

"That at said time of filing said case No. 9896, said S. S. Murphy received a United States pension of twelve dollars per month. That since said time said pension has been increased to forty dollars per month.

"That at said time of filing said case No. 9896 there stood recorded in the name of the wife of said S. S. Murphy, the above Alice K. Murphy, ten acres of prunes only.

"That after the filing of the said action in case No. 9896 the said almond orchard was recorded by deed of gift into the name of the above Alice K. Murphy, and lots no. 4 and 17, Block 7, East Lodi Addition were recorded sold.

"That upon January 5, 1912, the time from which said judgment in said case No. 9896 was made final there stood recorded in the name of the said and above S. S. Murphy, lots No. 1–2–3–15–16–23 and 24 in block 7, East Lodi Addition, town of Lodi as per book 'A' Vol. 198, Page 431, of the Official Records of the above county.

"That since said time said lots have been sold and that no other properties have been purchased and recorded in the name of S. S. Murphy.

"That since said time, January 5, 1912, there has been purchased in the name of the above Alice K. Murphy the home residence of the above defendants—February 26, 1913, as per Book 'A' Vol. 225, Page 298 of the records of the above county.

"And also ten additional acres of prunes—Lot 37 North Acampo Orchard recorded July 30, 1912, in book 'A' Vol. 218, Page 393. That since said time—January 5, 1912— there has been recorded in the name of the above Alice K. Murphy a mortgage for five hundred dollars against lots 23 and 24, Block 7, East Lodi Addition, recorded March

9, 1915, in Book 'B' of Mortgages No. 124 page 185, official records of above county.

"That as the husband of the above Alice K. Murphy the said above S. S. Murphy is entitled to and enjoys a community share and interest in the income from all of the above properties which now stand in the name of the above Alice K. Murphy. And that said community interest in said income is subject to the lien of the judgment in the said case No. 9896—*Lulu Mignon Murphy* vs. *S. S. Murphy.*

"That the properties above described which have been purchased in the name of the above Alice K. Murphy since the date whence the final judgment in the said case No. 9896 commenced, that is January 5, 1912, and the above mortgage recorded since said time in the name of the above Alice K. Murphy, are encumbered with the lien of said judgment.

"That said above properties are encumbered with the lien of said judgment up to the full valuation of all of the properties sold or conveyed, as above described, out of the name of the above S. S. Murphy since said January 5, 1912, from which said time above plaintiff holds final judgment against the above S. S. Murphy."

The prayer was for judgment against each of the defendants for the amount due in said case No. 9896, and "that said properties and said interest in the income as above set forth be found subject to the lien of the above amounts due under said judgment, . . . for attorneys fees, for costs of court and for fifteen dollars per month *pendente lite.*"

[1] No doubt appellant is right in the contention that "the form of the pleading or failure to ask for appropriate relief will not foreclose a plaintiff if, upon the facts disclosed, the plaintiff is entitled to some relief." (*Walsh* v. *McKeen*, 75 Cal. 519 [17 Pac. 673]; *Zellner* v. *Wassman, et al.*, 184 Cal. 80 [193 Pac. 84].)

[2] It is true, also, that plaintiff, by reason of said judgment, is entitled to maintain an action to set aside a conveyance made by her father to defraud her of the fruits of her judgment and to subject to the lien of said judgment the property thus fraudulently conveyed. This is a fair inference from the following cases cited by her: *Jenner* v. *Murphy*, 6 Cal. App. 434 [92 Pac. 405]; *Sheppard* v. *Sheppard*, 15 Cal. App. 617 [115 Pac. 751]; *Murray* v. *Murray*, 115 Cal. 266 [47 Pac. 37]; *Tully* v. *Tully*, 137 Cal. 65 [69

Pac. 700]; *Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720].
Many other decisions are to the same effect. [3] But
there is no allegation in the complaint to bring this case
within the operation of *such* principle. It does not appear
that any conveyance was made with intent to defraud any-
one or to deprive appellant of the opportunity to enforce
her judgment. Nor is any fact alleged from which it can
be inferred that any transfer to said Alice K. Murphy was
fraudulent. As to the almond orchard there is no alle-
gation, indeed, of the time when the conveyance was made.
It does appear that the deed was recorded after the filing
of said action in case No. 9896, but that is unimportant in
the absence of other allegations. If it may be said that
the averment, ''the said almond orchard was recorded by
deed of gift into the name of the above Alice K. Murphy,''
may be construed as an affirmation that said orchard was
conveyed to said Alice K. Murphy by deed of gift, there
is no allegation of any fraudulent intent or that it was
executed in contemplation of insolvency or while the grantor
was insolvent.

The succeeding allegation as to lots Nos. 1–2–3–15–16–23
and 24 in block 7, East Lodi Addition, etc., is not connected
in any way with Alice K. Murphy. It does not appear to
whom they were sold, but it must be assumed that they
were not sold to her or else the pleader would have alleged
it. Of course, if said lots were owned by S. S. Murphy at
the time said judgment was docketed and they were not
exempt from execution they would be subject to the lien of
said judgment for the statutory period of five years (sec.
671, Code Civ. Proc.), but the complaint herein was filed
some seven years after the judgment became final and there
is nothing in the complaint to show why Alice K. Murphy
should be brought into the case in connection with them.

As to the home residence and the ten additional acres
of prunes purchased ''in the name of the above Alice K.
Murphy,'' no fraud is shown, nor does it appear that they
were purchased with community funds. We must assume
that the purchase was made with her separate estate, and
in good faith from a third party. If the allegation ''that
as the husband of the above Alice K. Murphy the said above
S. S. Murphy is entitled to and enjoys a community share and
interest in the *income* from all of the above properties which

now stand in the name of the above Alice K. Murphy'' by any possibility could be considered as sufficient to show that said property was community estate and subject to execution, nevertheless, for the reason already stated, the lien of said judgment had ceased to be operative, and upon that theory the complaint utterly fails.

Appellant complains that the court abused its discretion in sustaining the demurrer without permission to amend.

[4] But the decisions in this state are uniform that, to make that a subject of review by an appellate court, it must appear that the party against whom the ruling was made has applied to the lower court for permission to amend. (*Buckley* v. *Howe,* 86 Cal. 596 [25 Pac. 132]; *Durrell* v. *Dooner,* 119 Cal. 411 [51 Pac. 628]; *Prince* v. *Lamb,* 128 Cal. 120 [60 Pac. 689]; *Williamson* v. *Joyce,* 140 Cal. 669 [74 Pac. 290].)

No such showing was made and it cannot be said that the trial court abused its discretion.

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 25, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.,* was acting.