[Civ. No. 2908.   Third Appellate District.—February 24, 1925.].

## LULA MIGNON MURPHY, Appellant, v. S. S. MURPHY et al., Respondents.

[1] JUDGMENTS — ACTION TO RENEW — LIENS — SEPARATE PROPERTY — PRESUMPTIONS.—In an action to renew a judgment and to declare said judgment to be a lien upon certain real property standing in the name of the wife of the judgment debtor, the trial court properly found there was no lien against the property of the wife where, in view of the fact that she was no longer a party to the action, and that there was no allegation of fraudulent conveyance of property to her, the presumption applied that the property standing in her name was purchased by her separate funds, and that it was her separate property.

[2] ID.—FRAUDULENT CONVEYANCES—PLEADING—EVIDENCE.—In such action, even though it be assumed that a tract of land described in the complaint was transferred from the judgment debtor to his wife after the entry of the original judgment, still in the absence of an allegation or proof of fraud, it cannot be held that the conveyance was void.

[3] ID.—FRAUD—PRESUMPTIONS—PLEADING—PROOF.—Fraud is never presumed; it must be alleged and proven.

[4] ID.—COSTS.—In an action to renew a judgment for maintenance of a dependent daughter, having recovered a judgment for more than three hundred dollars, plaintiff was entitled to her costs of suit as of course, without any order of court, and was also entitled to file her memorandum of costs as provided by section 1033 of the Code of Civil Procedure.

[5] ID.—ATTORNEY'S FEES.—The court is not authorized by statute to allow attorney's fees in an action to renew a judgment.

[6] ID.—COSTS—CONTRACTS.—Except where attorney's fees are specifically allowed by statute, or by contract of the parties, they are not recoverable by a successful litigant as costs or otherwise.

[7] ID.—MAINTENANCE—ATTORNEY'S FEES.—Even though in an action for maintenance under section 206 of the Civil Code attorney's fees were recoverable as in an action of divorce by a wife against her husband, pursuant to section 137 of the Civil Code, yet such allowance is dependent upon a showing of a "necessity for the prosecution of the action," and no such showing

3.   Presumptions and burden of proof as to fraud, note, 1 Ann. Cas. 809.   See, also, 12 R. C. L. 424.

4.   See 7 Cal. Jur. 260.

6.   See 7 Cal. Jur. 286.

having been made in the instant action, the court could not allow attorney's fees.

[8] STATUTE OF LIMITATIONS—PLEADING—WAIVER—PRESUMPTIONS.— Where the statute of limitations is not set up as a defense by either demurrer or answer, the defendant is presumed to have waived it.

[9] ID. — PLEADING. — The defense of the statute of limitations is strictly affirmative in its nature, and in order to make it available it must be pleaded.

[10] ID.—INVOCATION OF STATUTE BY COURT—PLEADING—WAIVER.—The court cannot of its own motion apply the defense of the statute of limitations for the benefit of one who has failed to plead it. it is a .personal privilege which may be urged by demurrer where the limitation appears upon the face of the complaint or by answer where it does not so appear; otherwise the defense is waived.

[11] JUDGMENTS—STATUTE OF LIMITATIONS.—In an action to renew a judgment for maintenance of a dependent daughter, the trial court committed error in disallowing two installments which defendant was required to pay, on the ground that the statute of limitations had run against them, where such statute was not set up as a defense by either demurrer or answer.

(1) 31 C. J., p. 47, n. 81. (2) 27 C. J., p. 772, n. 83. (3) 27 C. J., p. 30, n. 77. (4) 15 C. J., p. 25, n. 59. (5) 30 Cyc., p. 1127, n. 29. (6) 15 C. J., p. 114, n. 88, 89. (7) 15 C. J., p. 115, n. 93. (8) 37 C. J., p. 1215, n. 53. (9) 37 C. J., p. 1213, n. 52. (10) 37 C. J., p. 1213, n. 50. (11) 37 C. J., p. 1213, n. 50.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Smith, Judge. Reversed.

The facts are stated in the opinion of the court.

A. P. Hayne and B. M. Bainbridge for Appellant.

John R. Cronin for Respondents.

THOMPSON, J., *pro tem.*—This is a proceeding in the nature of an action to renew a judgment for maintenance of a dependent daughter, and to declare said judgment to be a lien upon certain real property standing in the name of the wife of the judgment debtor. The appeal is from part of the judgment only which holds that the statute of limita-

8.  See 17 R. C. L. 988; 16 Cal. Jur. 603.

tions has barred the first two installments of the original judgment, and for failure on the part of the trial court to declare the judgment a lien upon the real property described in the complaint; and for failure to award plaintiff her costs and counsel fees. The appeal is from the judgment-roll alone. No evidence is before this court.

A demurrer was sustained as to the defendant Alice K. Murphy without leave to amend. From the judgment of dismissal entered pursuant thereto the plaintiff appealed. On appeal that judgment of dismissal was affirmed. (57 Cal. App. 182 [207 Pac. 43].) The material portions of the complaint here involved appear in that opinion of this court.

The plaintiff is the daughter of the defendant S. S. Murphy. In an action for maintenance under the provisions of section 206 of the Code of Civil Procedure of the state of California, filed March 13, 1911, the plaintiff secured a judgment against her father for the sum of $15 per month. This judgment was entered *nunc pro tunc* as of March 21, 1912. The present case was commenced July 23, 1919. The trial court found that said judgment for maintenance was paid and satisfied to May 5, 1914, and rendered judgment in favor of plaintiff and against the defendant S. S. Murphy for the accrued and unpaid installments with interest from August 5, 1914, to November 5, 1923, in the aggregate sum of $2,234.28. The trial court held that the statute of limitations had run against the two installments immediately prior to August 5, 1914, and found that the judgment did not create a lien and failed to award plaintiff her costs or counsel fees.

The statute of limitations was not pleaded by the defendant by either demurrer or answer.

[1] Since the defendant Alice K. Murphy is no longer a party to this action, and there is no allegation of fraudulent conveyance of property to her, the presumption of law is that the property standing in her name was purchased by her separate funds, and that it is her separate property. (Secs. 162–164, Civ. Code.) The court therefore properly found there was no lien against her property.

[2] Even though we assume that the ten-acre almond tract described in the complaint was transferred from S. S. Murphy to his wife after the entry of the original judg-

ment, still in the absence of an allegation or proof of fraud we cannot hold that the conveyance was void. **[3]** Fraud is never presumed. It must be alleged and proven. (12 Cal. Jur. 800; *Albertoli* v. *Branham,* 80 Cal. 631 [13 Am. St. Rep. 200, 22 Pac. 404]; *Murphy* v. *Murphy,* 57 Cal. App. 185 [207 Pac. 43].)

**[4]** Having recovered a judgment for more than $300, plaintiff was entitled to her costs of suit as of course, without any order of court. (Sec. 1022, Code Civ. Proc.) She was entitled to file her memorandum of costs as provided by section 1033 of the Code of Civil Procedure.

**[5]** This is not an action in which the court is authorized by statute to allow attorney's fees. **[6]** Except where attorney's fees are specifically allowed by statute, or by contract of the parties, they are not recoverable by a successful litigant as costs or otherwise. (7 Cal. Jur. 286.) The compensation of attorneys is left to the agreement of parties. (Sec. 1021, Code Civ. Proc.) This is an action to renew a judgment. It is not an action for maintenance under section 206 of the Civil Code. **[7]** Even though in such an action attorney's fees were recoverable as in an action of divorce by a wife against her husband, pursuant to section 137 of the Civil Code, yet such allowance is dependent upon a showing of a "necessity for the prosecution of the action." No such showing of necessity was made in this case. Under no circumstances could the court allow attorney's fees in this class of case.

The trial court found that the original judgment was paid only to May 5, 1914, but disallowed the first two installments due thereafter, on the ground that the statute of limitations had run against them. **[8]** This statute was not set up as a defense by either demurrer or answer. The defendant is therefore presumed to have waived it. **[9]** The defense of the statute of limitations is strictly affirmative in its nature. In order to make it available it must be pleaded. **[10]** The court cannot of its own motion apply the defense of this statute for the benefit of one who has failed to plead it. It is a personal privilege which may be urged by demurrer where the limitation appears upon the face of the complaint or by answer where it does not so appear. Otherwise the defense is waived. (18 Stand. Ency. of Proc. 1036;

16 Cal. Jur. 603; *Manning* v. *Dallas,* 73 Cal. 420 [15 Pac. 34].) **[11]** These two omitted installments should have been included in the judgment.

The judgment is, therefore, reversed, with directions to the trial court to enter its judgment in favor of plaintiff for $2,334.28, plus the two installments of $15 each, together with accrued interest thereon.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 26, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1925.

All the Justices present concurred.