[Civ. No. 6120.   Third Appellate District.—June 8, 1939.]

VIRGIE GOMES, Appellant, v. M. A. WARN et al., Respondents.

H. L. Richardson and Nathan B. McVay for Appellant.

Leslie A. Cleary, District Attorney, Donald B. Fowler and Walter G. Crow for Respondents.

BRUTON, J., *pro tem.*—This is an appeal from a judgment for defendants after an order sustaining defendants' demurrer to plaintiff's second supplemental and amended complaint, which alleges in substance that one Lima, the mortgagor, sold through an auctioneer, certain mortgaged personalty without the knowledge or consent of the mortgagee thereof.   The mortgagee is the plaintiff and appellant herein.

The sale was made in the name of the mortgagee and the sales receipts were held by the auctioneer in the mortgagee's name. Certain creditors of the mortgagor (Lima) levied upon the sales receipts in the hands of the auctioneer, and in this action plaintiff (mortgagee) seeks to recover those funds. The funds in question were paid into court, and upon the court sustaining defendants' (Lima's creditors) demurrer without leave to amend, were ordered paid to defendants.

There are but two questions presented here: First, did the mortgagor's sale of the mortgaged personalty without the mortgagee's authority or consent but in her name, constitute an equitable assignment of the sales receipts to the mortgagee, which would take precedence over a subsequent levy of the mortgagor's creditors? Second, did the court err in its judgment wherein it ordered the payment of the impounded sales receipts to the defendants after sustaining defendants' demurrer without leave to plaintiff to amend her complaint?

Answering the first question: "No particular form is necessary to constitute an equitable assignment, and any words or transactions which show an intention on the one side to assign and *an intention on the other to receive,* if there is a valuable consideration, will operate as an effective equitable assignment." (6 Cor. Jur. (2d) 1101.)

The instant transaction is entirely lacking in that mutuality of purpose necessary to have equitably assigned to appellant the proceeds of the unauthorized sale of the mortgaged personalty. The demurrer was properly sustained.

The answer to the second question is implied in that of the first. If appellant had no interest in the impounded sales receipts, and her complaint shows that she did not; she may not be heard to complain of their disposition in the court's judgment. In addition she made no application to the court to be heard further after the court sustained defendants' demurrer to her second, supplemental and amended complaint, without leave to amend; and having failed to do so, judgment went against her as a matter of law. *Murphy* v. *Murphy,* 57 Cal. App. 182 [207 Pac. 43].

The judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.