[S. F. No. 18877. In Bank. Sept. 25, 1953.]

DONALD L. MYRICK, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; BARBARA ANN KNABE, Real Party in Interest.

Sidney L. Weinstock, Roger Anderson and Harold J. Chase for Petitioner.

No appearance for Respondent.

James F. Boccardo and Edward J. Niland for Real Party in Interest.

SPENCE, J.—Petitioner seeks a writ of prohibition to restrain the Superior Court of Santa Clara County from taking any further proceedings in a personal injury action in which he is named defendant. He claims that the court did not acquire *in personam* jurisdiction over him as the result of the service of process on him without the state. There is no merit to his position.

On July 19, 1951, petitioner, a resident of California, was involved in an automobile accident. On November 28, 1951, while petitioner was still a resident of this state, the complaint for damages was filed in the respondent court and sum-

mons was issued. Sometime between the latter date and February 5, 1952, petitioner was arrested at the request of the New York authorities and removed to that state. Diligent but unsuccessful efforts had been made to serve petitioner with process before he left this state. Petitioner alleges that on February 5, 1952, he became a resident of New York and ever since such date has continued to reside there. On April 8, 1952, an affidavit was filed by the plaintiff in the damage action, setting forth the above circumstances affecting the petitioner's change of residence from California to New York. The court thereupon made its order directing the service of summons on petitioner by publication and also by personal service in New York. On April 18, 1952, petitioner was personally served with summons and complaint in New York. On November 10, 1952, petitioner appeared specially in the action and moved to quash the service of summons on the ground that the court had not acquired jurisdiction over him or over the subject matter. The motion was denied on January 6, 1953, and this proceeding was then instituted.

█ This case presents the same problem as that considered in the recent case of *Allen* v. *Superior Court, ante,* page 306 [259 P.2d 905]. The statutes involved are sections 412, 413 and 417 of the Code of Civil Procedure. As in the Allen case, "both at the time that the accident occurred and at the time of the commencement of the action, petitioner was a resident of [this] state"; and "both at the time of the making of the order for publication of summons and at the time that personal service was effected on petitioner" without the state, he was no longer a resident of this state. (*Ante,* p. 309.)

On authority of that case and for the reasons there stated, petitioner cannot prevail in his challenge of the respondent court's acquisition of *in personam* jurisdiction over him.

The alternative writ is discharged and the petition for a peremptory writ is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.