[Civ. No. 5038.   Fourth Dist.   Jan. 25, 1955.]

PERRY HENDRIX, Respondent, v. EVELYN IRENE
HENDRIX, Appellant.

Charles H. Carter for Appellant.

Best, Best & Krieger and Enos C. Reid for Respondent.

MUSSELL, J.—This is an action for the custody of two minor children of plaintiff and defendant. Plaintiff and the children resided in Riverside County when the action was filed and defendant was personally served with summons in said county on November 27, 1953. She did not appear in the action and plaintiff's attorneys received no request for continuance or other stipulation and defendant's default was entered on December 10, 1953. On that day a hearing was had and the court, after hearing the evidence, awarded plaintiff the exclusive care, custody and control of the two children involved. On February 15, 1954, defendant filed an affidavit in support of a motion to set aside her default, stating therein, among other things, that by divorce decree in the State of Washington she had been awarded the custody of said minor children; that she left the children with plaintiff in Riverside in July, 1953, and upon returning to the State of Washington, was served with summons in the instant action; that she came to Riverside on or about November 27, 1953, for the purpose of regaining custody of the children and on that date consulted an attorney in Riverside who advised her that he was quite busy but that he would be able to see her on the following Monday; that while she was in this attorney's office she was served with a restraining order prohibiting her from taking the children out of the jurisdiction of the Superior Court of

Riverside County; that upon considering the orders served upon her, she became convinced such orders were in error since she then had the custody and possession of the children; that thereupon she returned to Seattle, Washington, with the two children; that on or about December 15, 1953, she and the children were taken into custody in Seattle, Washington; that the children were there given to plaintiff and he returned to Riverside with them; that she consulted attorneys in Seattle and was advised by them that she would have no standing in the Riverside court because she had violated the said restraining order; that this advice made her apprehensive of returning to Riverside to attempt to contest the hearing in the matter and that for this reason she did not appear at the trial and did not employ an attorney to appear for her. In an amendment to this affidavit defendant stated that the attorneys in Seattle advised her that she need not return to California and that since she was physically present in the State of Washington with the children, her custody of them could not be disturbed.

Plaintiff Perry Hendrix filed an affidavit in opposition to the motion to set aside the judgment in which he stated that during July, 1953, defendant, while in Riverside with the children, agreed that plaintiff should have their permanent custody; that defendant took the third child of the parties (whose custody is not here involved) and proceeded to Seattle, leaving the other children with him; that on October 21, 1953, plaintiff filed the instant action in Riverside and defendant was served with summons therein both in the State of Washington and in Riverside County and was also served with a restraining order issued in Riverside County, which order defendant disobeyed by taking the two children involved to Seattle; that thereafter defendant was found to be in contempt and a warrant for her arrest was issued; that plaintiff then went to Seattle and there instituted an action for custody of the children and obtained a judgment awarding their custody to him.

A hearing was had in the Riverside Superior Court on the motion to vacate and set aside the default judgment and the court, on March 25, 1954, entered its order denying the motion. The order further provided that the order to show cause (issued therein) re attorney's fees was granted in the sum of $75, which plaintiff was ordered to pay to counsel for defendant.

Defendant appealed from the order denying her motion to vacate and set aside the default judgment, contending that there was an abuse of discretion in denying her motion. We find no merit in this contention. ■ It is a settled principle of law that motions for relief from default under the remedial provisions of section 473 of the Code of Civil Procedure are addressed to the sound discretion of the trial court, and the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. (*McNeil* v. *Blumenthal*, 11 Cal.2d 566, 567 [81 P.2d 566]; *Tearney* v. *Riddle*, 64 Cal.App.2d 783, 787 [149 P.2d 387].) While it is the policy of the law that every case should be heard on its merits and the discretion of the trial court is to be exercised in conformity with the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice (*DeMello* v. *DeMello*, 124 Cal.App.2d 135, 139 [268 P.2d 26]), it appears from the affidavit of plaintiff Perry Hendrix that on December 16, 1953, the Superior Court of King County, State of Washington, after a full hearing at which both plaintiff and defendant were present and represented by counsel, found that the decree and order of the California court was made and entered by a court of general jurisdiction having full and complete jurisdiction of the subject matter of the instant action and of the parties thereto, including said children. The King County court then ratified, approved and confirmed in all particulars the order of the California court and further ordered that the defendant Evelyn Irene Hendrix should be deprived of the care, custody and control of said minor children.

■ The sole reason given by defendant for her failure to appear in and contest the present action is that she was "apprehensive of returning to Riverside" because she had been advised that she had no standing in the Riverside court due to the fact that she had violated its restraining order. The facts shown by the record are not sufficient to show a clear abuse of discretion on the part of the trial court in denying defendant's motion to set aside the default judgment upon the basis of the facts stated by her.

Plaintiff Perry Hendrix appealed from that part of the order of the trial court made on March 25, 1954, granting the order to show cause re attorney's fees and ordering plaintiff to pay to counsel for defendant the sum of $75. However, this appeal was abandoned on May 4, 1954, by an "Abandonment of Appeal" filed with the county clerk of

Riverside County and jurisdiction of this matter was thereby restored to the superior court. (Rules on Appeal, 19 subd. (a).) The trial court then reconsidered its order of March 25, 1954, and by order dated May 4, 1954, decreed that the order of March 25, 1954, granting attorney's fees in the sum of $75 was void and set it aside. Defendant then appealed from the order of May 4, 1954, setting aside the order granting attorney's fees in the sum of $75, contending that the court abused its discretion in denying the allowance of attorney's fees to defendant. This contention is likewise without merit. The instant action was brought to obtain the custody of two of the minor children of the parties. It is not one of the actions specified in sections 137.3 and 137.5 of the Civil Code in which attorney's fees are allowed. ■ Since there is no statutory provision for the allowance of attorney's fees in the present action, the mode of compensation is left to the agreement, express or implied, of the parties. (Code Civ. Proc., § 1021.) ■ As was said in *Murphy* v. *Murphy*, 71 Cal.App. 389, 392 [235 P. 653]: "Except where attorney's fees are specifically allowed by statute, or by contract of the parties, they are not recoverable by a successful litigant as costs or otherwise." ■ The trial court by its order of May 4, 1954, declared its prior order of March 25, 1954, granting attorney's fees to be void and properly set it aside since the order was void on its face. In *Olivera* v. *Grace,* 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328], it is held that a court has inherent power, apart from statute, to correct its records by vacating a judgment which is void on its face, for such judgment is a nullity and may be ignored. ■ The trial court properly denied defendant's motion for attorney's fees to defend against the plaintiff's appeal since that appeal was abandoned by him.

The orders appealed from are affirmed.

Barnard, P. J., and Griffin, J., concurred.