[Civ. No. 22596. Second Dist., Div. Two. Jan. 16, 1958.]

BUN A. LOGSDON, Appellant, v. H. JOSEPHINE KEOGH et al., Respondents.

Bun A. Logsdon, in pro. per., for Appellant.

Don Shearer and Allan G. Bird for Respondents.

KINCAID, J. pro tem.*—This appeal is taken by plaintiff in propria persona on a clerk's transcript only; no reporter's transcript, settled statement or agreed statement having been filed. A jury trial was had resulting in a verdict followed by judgment for defendants. This appeal is limited to certain motions and orders preceding and during the trial.

There is a serious question whether the notice of appeal herein is sufficient to bring the case to this court, but respondents have not raised the point and we have concluded to discuss the matter on the merits.

Plaintiff's principal point seems to be that the judge presiding in the law and motion department of the court erred or abused his discretion in granting the motion of H. Josephine Keogh, one of the two defendants, made under section 473, Code of Civil Procedure, to vacate and set aside a default which plaintiff had caused to be entered against her. Later, at the commencement of the trial and in the absence of the

*Assigned by Chairman of Judicial Council.

jury, plaintiff orally moved the trial judge for an order to set aside the answer and cross-complaint of said defendant on the ground that a default had heretofore been entered against her, and to set aside such pleadings as well as those of her husband codefendant, Leo J. Keogh, on the ground that a false affidavit had been used to secure the order setting aside the default. These motions were denied.

Plaintiff also complains of the order granting a motion by defendants for a continuance of the trial on the ground of the absence of a material witness. This motion was made on a date several weeks before commencement of the trial.

H. Josephine Keogh was served with summons and complaint on October 21, 1952. Her husband Leo was served on October 27. A request for entry of default as to Josephine was filed November 3, 1952. On November 18, 1952, Josephine filed a notice of motion to vacate the default and permit filing of answer, supported by an affidavit of the attorney for said defendant to the effect that because the defendants had been served seven days apart and he found it necessary to file a demurrer in behalf of both of them, he telephoned the residence of plaintiff and in his absence talked with his wife, explaining the situation and in order to avoid filing duplicate demurrers requested plaintiff to call him for the purpose of extending the time of Josephine for a few days to plead. Having received no response from plaintiff, affiant began on October 31, 1952, preparation of the demurrers, but because of press of business and the weekend intervening he did not complete them until Monday, November 3. Tuesday, November 4, was a holiday and in view of his telephone message and believing plaintiff would not enter any default he filed the demurrers on November 5. Other and detailed facts are also contained in the affidavit.

Certain affidavits were filed in behalf of plaintiff in opposition, and after a hearing, the law and motion judge granted the motion of defendant for an order vacating and setting aside the default and for permission to answer or plead on condition that she pay to plaintiff $20 within five days.

■ The provisions of section 473, Code of Civil Procedure, are to be liberally construed and sound policy favors the determination of actions on their merits. ■ In the absence of a clear showing of abuse of discretion, the order setting aside default and permitting a trial on the merits should be affirmed. (*Riskin* v. *Towers*, 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442]; *Beckley* v. *Reclamation Board*, 48 Cal. 2d 710, 716 [312 P.2d 1098].) No such showing is here made.

The same rule applies to the objections and oral motions made to the trial judge as to the same subject matter. No abuse of discretion on the part of the trial judge is indicated in this respect.

The point as to granting of a short trial continuance seems without any merit whatsoever, as no prejudice of any kind to plaintiff is shown.

The judgment and the orders appealed from are affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied February 11, 1958.