[Civ. No. 537.   Fifth Dist.   Sept. 15, 1965.]

LOUIS ARKO, Plaintiff and Respondent, v. PAUL STARSEVICH, Defendant and Appellant.

Conrad C. Caldwell for Defendant and Appellant.

E. Stanley Conant for Plaintiff and Respondent.

CONLEY, P. J.—The defendant appeals from a default judgment in favor of the plaintiff. Prior to the entry of judgment, the defendant made a motion for relief from default under section 473 of the Code of Civil Procedure; the motion was denied.

In this assault and battery case, the judgment in favor of Louis Arko, the plaintiff, was for a total of $8,600, made up of $5,000 general damages, $1,100 special damages, and $2,500 exemplary damages, besides interest and costs. The plaintiff and the defendant had been partners in a restaurant and bar called the "Brass Rail." In the evening of the 12th day of November, 1959, at about 8:30 p.m., as the result of a quarrel, the defendant struck the plaintiff in the face, knocked out a tooth, temporarily paralyzed certain facial areas, and made it necessary for him to secure treatment at a hospital with a consequent loss of earnings.

After the assault, Mr. Starsevich moved from California, where he had his domicile, and became a resident of the Village of Keewatin in the County of Itasca, State of Minnesota. For some time thereafter, the plaintiff sent him periodical remittances on the purchase price of his interest in the "Brass Rail," which Mr. Arko had bought from him. Plaintiff did not attempt to complete service in the assault and battery case for several months, doubtless not wishing to mix a lawsuit with a pending business relationship. But eventually service was effected by publication and personal service in accordance with the provisions of section 417 of the Code of Civil Procedure, which reads: "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service." As the procedure prescribed by this section accords with due process and the specified method of service was complied with, jurisdiction was acquired over the defendant for the purpose of rendering a personal judgment against him. (*Allen* v. *Superior Court of Los Angeles County,* 41 Cal.2d 306 [259 P.2d 905]; *Myrick* v. *Superior Court of Santa Clara County,* 41 Cal.2d 519 [261 P.2d 255]; *Owens* v. *Superior Court of Los Angeles County,* 52 Cal.2d 822 [345 P.2d 921, 78 A.L.R.2d 388].)

After the defendant was personally served in Minnesota, he consulted with a local attorney there who gave him the incorrect advice that no personal judgment could be rendered against him in California based on service of that kind. Later, the defendant did get proper advice from a San Diego attorney, who told him by correspondence, in response to his inquiry, that he was subject to a personal judgment. The San Diego attorney agreed to represent the defendant in the pending case for a fee of $250, and counsel got two informal extensions of time to appear by agreement with the attorney for plaintiff; the defendant, however, failed to pay the requested fee to the San Diego attorney with whom he had corresponded, and the latter finally returned to him in Minnesota the copies of the summons and complaint which had been served upon him there. The default judgment was taken about four months after the defendant received correct advice as to the propriety of the service.

Thereafter, the defendant, through another San Diego attorney, moved to set aside the default, pursuant to section 473 of the Code of Civil Procedure. After a hearing, the motion was denied by the court, and judgment was entered against the defendant.

■ The granting or denial of a motion to set aside a default judgment is within the sound discretion of the court. (*Romer, O'Connor & Co.* v. *Huffman,* 171 Cal.App.2d 342, 347 [341 P.2d 62]; *Galper* v. *Galper,* 162 Cal.App.2d 391, 396 [328 P.2d 487].) ■ And a trial court's decision on the question will not be interfered with on appeal in the absence of a clear showing of an abuse of discretion. (*Crittenden* v. *Crittenden,* 221 Cal.App.2d 299, 300 [34 Cal.Rptr. 428]; *Rackov* v. *Rackov,* 164 Cal.App.2d 566, 569 [330 P.2d 926]; *A & S Air Conditioning* v. *John J. Moore Co.,* 184 Cal. App.2d 617, 619 [7 Cal.Rptr. 592]; *Logsdon* v. *Keogh,* 156 Cal.App.2d 726 [320 P.2d 154]; *Osborn* v. *Osborn,* 131 Cal. App.2d 191, 195-196 [280 P.2d 60]; *Hendrix* v. *Hendrix,* 130 Cal.App.2d 379, 382 [279 P.2d 58]; *Lewis* v. *Witcher,* 129 Cal. App.2d 421, 426 [277 P.2d 60].) ■ We cannot interfere with the exercise of discretion by the trial court in refusing to grant defendant's motion to be relieved from the default; it would, in fact, be most difficult to find a valid excuse for his delay in failing to arrange for an appearance within four months after he was correctly advised that the service made upon him was legally sufficient to warrant a personal judgment.

It is suggested by the appellant that it was necessary, in the complaint itself, to include allegations showing that the defendant would be subject to a personal judgment if the provisions of section 417 of the Code of Civil Procedure should be complied with. This contention is without merit. It is only in circumstances which directly affect the cause of action attempted to be set forth in a complaint that it is necessary to allege factors requisite to the suit. The right to serve and bring within the jurisdiction of a court a specific defendant is something entirely apart from the allegations necessary to state a cause of action. The defendant became subject to a personal judgment by reason of compliance with the elements which made him amenable to service pursuant to the code section in question; it was not necessary to set forth any of such facts in the complaint itself.

The judgment is affirmed.

Brown (R. M.), J., and Stone, J., concurred.