[Civ. No. 9519. Second Appellate District, Division Two.—May 8, 1935.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. M. H. SCHUMACHER, Appellant.

Davis & Thorne and Lester Thorne for Appellant.

Edmund Nelson, G. L. Berrey and Howard Waterman for Respondent.

CRAIL, J.—This is an appeal by defendant from a judgment for the amount found due on a promissory note. By the express language on its face, the note was payable "on demand". At the outset of the transaction between the parties the plaintiff sent the unexecuted note to the defendant for execution accompanied with a letter which read in part: "You will notice that the new note is payable on demand and this is done for the reason that Mr. Moore informed us that payments of $100 per month were going to be made." In a letter returning the note duly executed the defendant said: "I am herewith enclosing note. . . . I have made arrangements with my secretary to forward you $100.00, to be applied upon this note, every month." To this the bank replied: "Notice has been made on the new note that payments of $100 will be made on the twenty-sixth day of each month beginning January 26, 1931, interest to be payable quarterly. Notice of these instalments will be sent to you approximately ten days prior to the date due." Eight months later the bank wrote the defendant: "As we are endeavoring to place a definite maturity on all loans carried by this bank, we are inclosing a ninety-day renewal of your obligation, which we will be pleased to have you execute, as indicated, and return to this office. This renewal will not affect the status of your obligation in any way, nor will it deter you from continuing your $100 payments as in the past." The defendant did not sign the renewal note. Almost a year later, when he had failed to make the $100 payments for more than two months and was back in his interest payments, the bank made demand for payment of the note and thereafter commenced this action.

It is the first contention of the defendant that the contract in its entirety constituted an agreement to pay the amount designated in the note in monthly installments and not on demand; and that, since there was no acceleration clause in the agreement, only two installments were due at the time suit was commenced and not the full unpaid portion of the debt. Such contention ignores the direct promise of

the note to pay "on demand". In construing a contract it must be taken up by its four corners, none of it may be ignored, some value must be given to each of its provisions if it be possible to do so. The promise to pay on demand is not inconsistent with the contemplated payments of $100 per month. The most that can be said for the letters is an implied agreement that as long as the $100 payments are kept up the bank will not make a demand. When the payments were not made by the defendant and demand was made by the bank, the unpaid balance of the note became due and payable. There was no necessity for an acceleration clause.

The only other contention made by the defendant is that there was no evidence to support a finding that certain shares of stock which were pledged as collateral security by the defendant were of no value. Section 726 of the Code of Civil Procedure, which provides that there can be but one action for the recovery of a debt secured by mortgage and which requires foreclosure of the mortgaged property is inapplicable to pledges. A pledgee, without first exhausting the subject of the pledge or in lieu thereof alleging and proving that the pledged property is of no value, may maintain an independent suit to recover the amount of the debt. (See 21 Cal. Jur. 358, and cases cited.) The finding complained of was surplusage. There is no ground for reversal in this contention.

Judgment affirmed.

Stephens, P. J., concurred.