[Civ. No. 21366.   Second Dist., Div. One.   Jan. 9, 1956.]

PETER J. MILLER et al., Appellants, v.
MILDRED JOYCE, Respondent.

Gerrit Pos for Appellants.

Robert Winckler for Respondent.

WHITE, P. J.—Plaintiffs appeal from the judgment "that this action is hereby dismissed under provision 437c of the California Code of Civil Procedure as to defendant Mildred Joyce and said defendant is given judgment for her costs in the sum of $10.50." The judgment followed the granting of respondent's motion for summary judgment.

The instant action is one for the specific performance of a written agreement "by the terms of which the defendants accepted the plaintiffs' offer to purchase the real estate" described. Defendant, by her answer, denied the existence of any agreement with plaintiffs.

Appellants, in their brief, state that "Findings of Fact and Conclusions of Law were not waived at the time the court granted respondent's Motion for Summary Judgment and were requested to be included in the . . . clerk's transcript." The only question tried on a motion for summary judgment is whether the party opposing the motion has shown by affidavits the existence of a triable issue of fact. No findings of fact could have been made.

Plaintiff Peter J. Miller, in his affidavit opposing defendant's motion for summary judgment, avers: "That . . . on December 13, 1954, affiant entered into a sales agreement and deposited with R. R. Nehls the sum of Two Hundred and no/100 ($200.00) Dollars, and a photostatic copy of the sales agreement is attached hereto, marked Exhibit 'A,' and made a part hereof by reference." Said Exhibit "A" is a receipt signed by "R. R. Nehls, (broker)," wherein he acknowledged that appellants had paid to him $200 as part payment on certain real estate at the price of $3,300, payable $1,000 cash and balance to be secured by first trust deed payable $100 per quarter. Said deposit receipt provides further: "Should the seller fail to approve this sale within 30 days from date hereof, buyer's deposit shall be returned upon demand. There are no oral agreements not contained herein." Below the signature of the broker, is the following: "I agree to purchase said property upon the above terms and conditions" signed by "Peter J. Miller (Buyer)." And below that is the form for seller's agreement to sell, which was never signed. Seller's name does not appear in said document.

By the affidavit of R. R. Nehls in opposition to the motion for summary judgment, he avers that he "subsequently advised the defendant of the sale . . . and requested the defendant to forward the deed to the property; that on January 1, 1955, the defendant wrote a letter wherein she agreed to send the deed to your affiant, and that a photostatic copy of said letter is attached hereto, marked Exhibit D, and is made a part hereof by reference." Said letter of January 1, 1955, from respondent to R. R. Nehls is as follows: "Thank you for your recent letter concerning my lot in Alhambra. As the lot was purchased around 1924, I have had some difficulty

collecting papers, etc. I think the situation is nearly ironed out now, and you will have the deed by next week. I certainly appreciate your interest in this matter."

The record on the instant appeal contains only one letter from Nehls to respondent concerning the proposed sale to appellants. It is dated December 21st and reads as follows:

"We are pleased to advise that we have found a buyer for your lot at a price of $3300.00 with a down payment of $1000.00 and the balance on a trust deed carrying 6% interest.

"Tentatively we have stated that payment of at least $100.00, including interest, per quarter, with privilege of paying more than $100.00 at any time.

"If you will kindly send us your papers as called for in our letter of the 13th we will go to escrow and they will send you direct the necessary papers for your signature.

"Our commission will be 5% of the total purchase price or $165.00.

"Trusting we will hear from you promptly, we are, . . ."

The record on appeal does not include a copy of, or any other reference to, a letter from Nehls to respondent under date of December 13th. From all the affidavits, both supporting and opposing the motion for summary judgment, it appears without conflict that there were no conversations between the appellants and respondent. The agreement, of which appellants seek specific performance, must be found, if at all, in Nehl's deposit receipt of December 13th, his letter of December 21st and respondent's letter of January 1st.

Whether these instruments constitute an agreement by respondent to sell her lot to appellants is not a triable issue of fact. It is a question of law. The appellants urge that respondent's statement in her letter of January 1st,—" . . . you will have the deed by next week"—was "in effect a statement that the sale was satisfactory to her, and that she would accept the buyer that he had found for her." There is nothing in the record indicating that respondent was informed regarding the deposit or the identity of appellants. From the writings relied upon by appellants, it appears that the sale was still tentative, that papers for respondent's signature would later be prepared, and that the deed she was to send the broker was probably the deed conveying the property to her, instead of one from her to appellants, then unknown to her. From the affidavits opposing respondent's motion for summary judgment and the exhibits attached thereto, it appears that no contract for the sale of her land was executed by respondent. Since appellants' affidavits set forth no facts

sufficient to establish their alleged cause of action, no issue of fact has been raised and summary judgment was proper. (*Hardy* v. *Hardy*, 23 Cal.2d 244, 248 [143 P.2d 701].)

Appellants have included in the record copies of letters which passed between Nehl and respondent before December 13th, the date of their offer to buy under the terms of the deposit receipt. In none of those letters did respondent agree to sell her lot to appellants on the terms offered by them.

Appellants contend, however, that respondent's signature to the agreement which they seek to enforce was not required for the reason that Nehl was authorized as her agent to execute an agreement of sale for her. Such authority is averred to have been given by correspondence, copies of which are attached to affidavits in opposition to the motion for summary judgment. We have examined the correspondence and find no such authorization. However, we will not further discuss it here. ■ Assuming Nehl had such authority, he signed the deposit receipt not as seller's agent, but as "broker." By the terms of the deposit receipt, the agreement to sell, below appellants' agreement to buy, was to be signed by the seller. It was never signed by anyone. Without a seller's signature, the deposit receipt was not an agreement to sell.

The judgment is affirmed.

Doran, J., and Nourse (Paul), J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.