[Civ. No. 25706.   Second Dist., Div. Two.   Aug. 13, 1962.]

AERO PROPERTIES, INC., Plaintiff and Appellant, v. MILTON GOTTLIEB, Defendant and Respondent.

Bertram S. Harris for Plaintiff and Appellant.

Sydney J. Dunitz for Defendant and Respondent.

FOX, P. J.—Plaintiff brought an action for conversion of certain promissory notes secured by trust deeds. The trial court entered a summary judgment in favor of defendant from which plaintiff appeals.

Defendant on December 15, 1960, moved for a summary judgment pursuant to the provisions of section 437c, Code of Civil Procedure, and filed, together therewith, his supporting

declaration, including exhibits attached thereto, and points and authorities.

Thereafter defendant, on January 16, 1960, filed a new motion for summary judgment, supplemental declaration and supplemental memorandum of points and authorities. The plaintiff, through its vice president, filed a declaration and memorandum of points and authorities in opposition to the original motion. Plaintiff also filed like documents in opposition to the new motion.

The court granted the motion of defendant, and in due course a summary judgment was signed and entered. Plaintiff has appealed.

In order to decide whether summary judgment was proper in the instant case, we must determine two issues: first, do the declarations[1] in support of the moving party, i.e., the defendant, state facts sufficient to sustain a judgment in his favor; and second, do the declarations of plaintiff in opposition to the motion show such facts as may be deemed sufficient to present a triable issue of fact. (Code Civ. Proc. § 437c; *Desny* v. *Wilder*, 46 Cal.2d 715, 725-726 [299 P.2d 257].)

The facts as set out by the declarations of defendant are as follows:

On or about April 1, 1959, Chenault Investment Company[2] sold certain real property in Orange County receiving in connection with this sale, a promissory note in the sum of $54,300 secured by a deed of trust. Thereafter, Aero Properties, Inc. acquired this property subject to said deed of trust.

In June or July, 1959, A. L. Littman, Vice President of Aero, contacted defendant requesting the release of this property from the deed of trust. Littman, on behalf of Aero, and defendant orally agreed that defendant would procure such release, on the condition thatt Aero pay to the defendant $25,000 in cash and execute its promissory note for the balance payable in one year with interest at 10 per cent per annum with the personal guarantees of Littman and A. G. Eldred and secured by the assignment of various promissory notes in the approximate amount of $40,000 with deeds of trust securing same.[3]

---

[1] The declarations are equivalent to affidavits under Code Civ. Proc. § 2015.5.

[2] Defendant and his wife have been and are the owners of all the shares of stock of this corporation.

[3] The principal balance and accrued interest at this time amounted to $50,260.

Pursuant to such agreement and by arrangement of the parties with Inland Title Company of Santa Ana, California, defendant deposited with Inland the release of said property from the deed of trust. Concurrently therewith, Inland sent to defendant the promissory note[4] executed by Aero and Aero paid the $25,000 in cash to defendant. In due course, certain promissory notes totalling approximately $40,000 secured by deeds of trust, were assigned by Aero to defendant and deposited with Inland.[5]

Thereafter, Inland Title Company ceased its escrow business and the aforesaid promissory notes totalling $39,960 and deeds of trust securing same came into the possession of Stewart Title Company of Orange County.

Gottlieb made several efforts to secure possession of the pledged promissory notes and deeds of trust without success. This is evidenced by the correspondence between him and Stewart in which it was determined that Stewart had physical possession of said notes and trust deeds. Stewart, however, would not relinquish its possession without the authorization of all parties concerned, i.e., both the plaintiff and the defendant.[6]

On August 17, 1960, defendant herein filed in the Superior Court of Los Angeles County action number 752,157 to recover on the $25,260 promissory note.[7] Stewart Title Company was joined as a defendant in that action for the purpose of acquiring control over the pledged documents. In said action, Gottlieb filed a notice of motion to produce said documents and in response thereto, they were produced by Stewart and deposited with the Clerk of the Court where they now repose.

[4]This original promissory note did not conform to the oral agreement but was later amended to so conform and was in the amount of $25,260.

[5]The promissory note executed on behalf of plaintiff provides in part: "This obligation is secured by deeds of trust held by Inland Title Company, Santa Ana, California."

A letter from Attorney Howard W. Rhodes on behalf of plaintiff directed to Inland states:

"You will find enclosed a note to Mr. Milton Gottlieb in the amount of $24,670 which you are entitled to deliver to Mr. Gottlieb when Mr. Gottlieb has released his subordinated lien on tract 2642.

"It is my understanding that you have previously delivered a check in the amount of $25,000 to Mr. Gottlieb and that you hold trust deeds which have been assigned by Aero Properties to Milton Gottlieb in the amount of $37,960. *You are hereby directed to hold the said trust deeds as collateral* for the within note. . . ." (Emphasis added.)

[6]It is apparent that Stewart was merely attempting to protect itself against any possible future action by either party and that Stewart did not claim any interest in said notes and trust deeds.

[7]The instant action was filed on November 18, 1960.

This statement of facts clearly supports a judgment in favor of defendant under the provisions of section 437c of the Code of Civil Procedure.

The declarations filed on behalf of plaintiff state nothing more than conclusions of law and generalities which raise no material issue of fact. The declarations on behalf of plaintiff, even liberally construed as we are required to do under the law, do not state facts showing that plaintiff is entitled to any relief. Under these circumstances, the summary judgment is proper. (*Coyne* v. *Krempels*, 36 Cal.2d 257 [223 P.2d 244]; *Hardy* v. *Hardy*, 23 Cal.2d 244 [143 P.2d 701]; *Barry* v. *Rodgers*, 141 Cal.App.2d 340 [296 P.2d 898].) ▉ In the last cited case this court stated (pp. 342-343): "The purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned. (*Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 562 [277 P.2d 464]; *Kelly* v. *Liddicoat*, 35 Cal.App.2d 559, 561 [96 P.2d 186].) ▉ If it appears from an examination of the affidavits that no triable issue of fact exists, and that the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, then summary judgment is proper. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 261 [223 P.2d 244].) ▉ It is thus apparent that the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed. (*Kimber* v. *Jones*, 122 Cal.App.2d 914, 918 [265 P.2d 922]; *Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App.2d 116, 121 [283 P.2d 720]; *McComsey* v. *Leaf*, 36 Cal.App.2d 132, 133 [97 P.2d 242].) ▉ The plaintiff may not rely on the allegations of his complaint as a means of disputing the affidavits filed by the defendants. (*Cone* v. *Union Oil Co., supra*; *Maltby* v. *Shook*, 131 Cal.App. 2d 349, 355 [280 P.2d 541].) Often there is no genuine issue of fact although such an issue is raised by the formal pleadings. ▉ Absent a genuine issue of fact, as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted material facts, may render summary judgment. (*Murphy* v. *Kelly*, 137 Cal. App.2d 21, 23, 29 [289 P.2d 565].)"

Plaintiff does not deny the basic facts set forth in defend-

ant's declarations. Its cause of action is based on the theory of conversion, i.e., it contends that the defendant should be required to proceed against the security prior to filing the action for payment of the $25,260 note. However, the uncontroverted facts show that at the time of demand on defendant to liquidate the security, actual physical possession of the pledged promissory notes and trust deeds was in Inland Title Company pursuant to the mutual agreement of the parties, as is shown on the face of the promissory note executed on behalf of plaintiff wherein it is provided that "this obligation is secured by deeds of trust held by Inland Title Company of Santa Ana, California" and in the letter from Attorney Rhodes. (See footnote 5, *supra*.)

A pledgor and a pledgee can agree to deposit a security with a pledge holder. (Civ. Code, § 2993.) This was the situation in the instant case. ■ The plaintiff as pledgor was not entitled to take the security from the pledge holder without discharging or offering to discharge the original obligation. (*Cushing* v. *Building Assn. of Soc. of N. or P. Psychology,* 165 Cal. 731, 738 [134 P. 324].) ■ A conversion cannot occur until the pledgor's debt is satisfied and there is a refusal to comply with the demand for the return of the security. (*McCoy* v. *Northwestern Cas. & S. Co.,* 3 Cal. App.2d 534, 537-538 [39 P.2d 864].) The court in *McCoy* stated: "Under the facts in this case respondent was not entitled to possession of the stock pledged by him at the time of the alleged conversion or when he commenced this action. It is the general rule, announced by text-writers and by our courts, that in actions of conversion the plaintiff must prove ownership with the right of possession, or actual possession at the time of the alleged conversion. [Citations.] Respondent, having pledged his stock to the company as collateral security against loss by the company on account of the stay bond, could not put the company in default for failure to redeliver such stock until he had satisfied his debt to the company, created when the company paid respondent's judgment debt; and no conversion could occur until such debt had been satisfied and demand made for return of the stock, followed by a refusal so to do. [Citations.]"

■ Furthermore, a pledgee has the right to proceed personally against the pledgor on the debt without selling the security. (*Bank of America* v. *Schumacher,* 6 Cal.App.2d 651, 653 [45 P.2d 239].) In *Mitchell* v. *Automobile etc. Underwriters,* 19 Cal.2d 1, 4 [118 P.2d 815, 137 A.L.R. 923],

the court re-emphasized the principle that the pledgee has the "right to retain the pledged security until the principal obligation has been satisfied. [Citations.]"

*Peet* v. *People's Trust & Sav. Bank*, 56 Cal.App. 46 [204 P. 413], relied on by appellant is clearly distinguishable from the case at bar. In the first place, that case involved a mortgagee who took possession of personal property; the case at bar involves the deposit of the security with a pledge holder in accordance with the mutual agreement of the parties. In the second place, the *Peet* case involved a sale of the mortgaged property after payment of the indebtedness; the instant case involves a pledge where nothing has been paid on the primary obligation.

*Revert* v. *Hesse*, 184 Cal. 295 [193 P. 943], cited by appellant is likewise distinguishable from the instant case on its facts. The pledgee in that case released the security to the prejudice of the pledgor. In the instant case, the security was deposited in accordance with the mutual agreement of the parties and it remains to this date intact and on deposit with the clerk of the superior court subject to the court's order.

▆▆▆▆ The plaintiff also relies on section 3007 of the Civil Code which states: "Whenever property pledged can be sold for a price sufficient to satisfy the claim of the pledgee, the pledgor may require it to be sold, and its proceeds to be applied to such satisfaction, when due." Plaintiff sets out in its brief the relevant portion of its declaration wherein it was stated: "That the defendant orally stated to declarant, in the presence of Alvin Gershenson, at Armstrong Schroeder Restaurant, located in the City of Beverly Hills, California, during the month of July, 1960, in response to a demand by your declarant as Vice President of the plaintiff upon defendant to collect the 20 notes, liquidate the same or return them to the plaintiff for collection; that he would not collect said 20 notes or liquidate or return them to the plaintiff. That at a later date, plaintiff again demanded of the defendant that he either collect said 20 notes, liquidate the same, or return them to plaintiff, and defendant again refused. That said 20 notes, secured by trust deeds, are not valueless."

However, plaintiff's reliance on the code section is misplaced. Plaintiff has failed to set out facts which would show that the property pledged "can be sold for a price sufficient to satisfy the claim of the pledgee." Thus no issue of fact is raised on this point. Therefore, plaintiff cannot take advantage of this statute.

Even considering that every *fact* in its declaration is true, the plaintiff has not shown that it is entitled to any relief. Plaintiff has failed to state facts showing, *inter alia*, that it had the right to possession of the property at the time the demand was made and it fails to negate the fact that the security was deposited in accordance with the written agreement of the parties. Finally, plaintiff has not shown that any part of the promissory note has been paid and therefore, under the cases, the right to the security remains with the defendant. We are not at liberty to look to the pleadings to supply these deficiencies. (*Cone* v. *Union Oil Co.*, 129 Cal. App.2d 558, 562-563 [227 P.2d 464].)

Since plaintiff's declarations set forth no facts sufficient to establish its alleged cause of action, it follows that no material issue of fact has been raised and summary judgment was proper. (*Miller* v. *Joyce*, 138 Cal.App.2d 356, 358-359 [291 P.2d 963]; *Hardy* v. *Hardy*, 23 Cal.2d 244, 248 [143 P.2d 701].)

Judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 17, 1962. Dooling, J.,* sitting in place of Peters, J. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.