CHASEZ, Judge.
This is a suit for the balance due on a promissory note.
On October 30, 1961, plaintiff, Santo Di Fatta, made a loan to the defendants, Ronald F. Campagna and his father, Frank Campagna, in order that they might operate a bar and cocktail lounge. A demand note payable to the order of bearer in the-amount of Twenty-Two Thousand and no/100 ($22,000) Dollars, with interest at 8% per annum from date until paid, was *159 signed by the defendant, Ronald F. Cam-pagna, as maker, and defendant, Frank Campagna, as endorser. The note was secured by a chattel mortgage on fixtures and equipment in the establishment. '
Immediately following execution of the note a credit was given, leaving a balance of $21,461.84 owing from October 30, 1961.
The record indicates that the parties had an arrangement whereby the loan was to be repaid at the rate of $150 per week. This arrangement was further to the effect that defendants were to permit plaintiff to keep certain machines, pinball and other types, on the premises, the proceeds to be collected weekly and 50% of which credited towards payment on the note, and in the event this sum was less than $150 the defendants would supply the difference. It does not appear that the arrangement ever contemplated any payment in excess of $150 per week.
This arrangement continued satisfactorily until the last week of September and the first two weeks in October, 1962, which three payments were each less than the agreed $150.00. The matter was then placed in the hands of plaintiff’s attorney for collection, and on October 23rd a demand letter was sent to Frank Campagna. (No demand appears to have been made upon Ronald F. Campagna, but service of process was had upon him and answer filed in his behalf.)
On October 25, 1962 this suit was filed claiming the full sum of $21,461.84 as the balance due.
On December 31, 1962 defendants answered, generally denying the allegations of the petition.
On June 4, 1963, by supplemental and amended answer, defendants asserted that the note sued on was but part of a larger agreement between the parties, to the effect that the note was.to be paid in weekly installments and that the installment payments were not in default at the time suit was filed.
On February 25, 1964, during trial of this matter, defendants urged an oral exception of no cause of action which was referred to the merits.
The Court found that the defendants were in default, found that a total of $11,-846.01 had been paid on the note, overruled the exception, and entered judgment in favor of plaintiff for $9,615.83, “with interest thereon at the rate of 8% per annum from October 30, 1961, on the sum of $21,461.84, less the amounts paid, until paid * * * The judgment also recognized plaintiff’s chattel mortgage and denied attorney’s fees.
Defendants appealed.
Plaintiff did not appeal and asks only that the judgment be affirmed.
Defendant argues that the agreement between the parties had the effect of converting the note, at least as between the parties thereto, to an installment obligation, and that, as the average payment was in excess of the weekly obligation at the time suit was filed, it was premature and his exception of no cause of action should have been sustained.
The petition in this case seeks payment on a demand note, which is properly payable immediately on execution, so the petition certainly states a cause of action. As the allegations of the petition for purposes of such an exception must be accepted as true, and as evidence is not admissible to support such an exception, (LSA-C.C.P. Art. 931), a referral to the merits is in practical effect an overruling of the exception. Certainly the Court was not in error in formally overruling this exception.
On the merits, the main question is whether or not this demand note was modified to an installment obligation by an agreement between the parties. There are no cases directly in point in our jurisprudence, though there is considerable authority for the proposition that the parol *160 evidence rule will not prohibit proof of an ancillary abrogation or modification of a written contract where such abrogation or modification is by the mutual consent of the parties. In the instant case, however, there is only a rather loose and nebulous arrangement with respect to repayment, a circumstance it seems that often appears in financing pinball operations. Whether such an arrangement can be said to have the dignity of a mutually agreed modification of a formal written document such as the demand note in this case, requires greater liberality of construction than we are prepared to give. We are persuaded by the reasoning of the California Court in its opinion in the case of Bank of America Nat. Trust & Sav. Ass’n v. Schumacher, 6 Cal.App.2d 651, 45 P.2d 239, wherein it was argued that certain correspondence between the parties to a demand note had the effect of converting the paper into an installment note, and the court answered:
“The promise to pay on demand is not inconsistent with the contemplated payments of $100 per month. The most that can be said for the letters is an implied agreement that, as long as the $100 payments are kept up, the bank will not make a demand.”
In the present case it is clear that the full contemplated payments were not made for each of three preceding weeks to the time of filing the suit, and the defendants were in default; plaintiff’s demand for the unpaid balance due under the note cannot be said to have been improper. We are referred to a different though somewhat similar situation faced by this court in the case of White System of New Orleans, Inc. v. Lehmann, La.App., 144 So.2d 122, where payments on an installment note were reduced by agreement as the defendant was unable to meet them; after defendant defaulted on the reduced payments the argument was made that the original note had been converted to an obligation to make the lesser payments, and this court said:
“The oral agreement whereby the plaintiff was willing to accept a lesser monthly payment because of the defendant’s inability to fulfil the method of repayment stipulated in the note, is not a reformation of the agreement, but purely one of co-operative forbearance to aid the defendant. It would be inequitable to penalize the holder for granting to a delinquent obligor of a note an opportunity to honor his obligation.”
At the trial the main problems encountered were with respect to what was paid, and to what debt those payments were applied. It was brought out that from time to time plaintiff made other loans to defendant. Some payments of $150.00 per week were taken by plaintiff and applied to these personal debts and not to the debt on the demand note which was secured by the mortgage, which circumstance is a further indication of the looseness of the arrangement in this case.
The suit is on the note and not for any other sums alleged to have been advanced on open account. The arrangement itself called for all payments from the machines to be applied to the note indebtedness. But even without this arrangement, under LSA-C.C. Article 2166 and the cases of Calatex Oil & Gas Co. v. Smith, 175 La. 678, 144 So. 243, Everett v. Grave, et al, 3 La.App. 136, Hammond Finance Co. v. Carter, La.App., 83 So.2d 682, and Bedsole v. Lee, La.App., 78 So. 2d 434, all payments should have been applied to the secured indebtedness which the debtor here had the greatest interest in discharging. The trial Judge credited against the note indebtedness every payment claimed by the defendant, and it does not appear to us that he committed error in so doing; certainly the plaintiff contests none of the credits.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this court to be paid by defendant appellant.
Affirmed.