[Civ. No. 30393.   Second Dist., Div. Two.   Feb. 28, 1967.]

JULIUS REICH, Plaintiff and Respondent, v. W. P. YOW, JR., Defendant and Appellant.

Donald J. Hirsch for Defendant and Appellant.

Julius Reich, in pro. per., and Brundage & Hackler for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment entered against him following the granting of plaintiff's motion for summary judgment. The question presented by this appeal is whether or not respondent's affidavit in support of his motion was sufficient to establish that there was no triable issue of fact. (Code Civ. Proc., § 437c.)

Plaintiff's complaint alleges that on April 17, 1964, the Superior Court, County of Maricopa, State of Arizona, entered a judgment against appellant and in favor of J. D. Kingery and Vera Kingery in the amount of $5,000, plus $22.50 costs and interest at the rate of 6 percent per annum from January 18, 1961, until paid. It further alleges that the Kingerys assigned their rights under this judgment to respondent and that "no part of said judgment has been paid and the whole thereof remains due and payable."

Appellant filed an answer that failed to deny any of the material allegations of respondent's complaint. However, appellant's answer does deny "that he is indebted to plaintiff in any sum whatsoever," and by way of affirmative defense alleges that the "Superior Court of the County of Maricopa,

14

State of Arizona, has never acquired jurisdiction in personam over defendant.''

Respondent moved for summary judgment and in support thereof presented the affidavit of J. D. Kingery who averred that if called as a witness he would testify that on January 18, 1961, appellant went to Arizona seeking to borrow $5,000 from Mr. Kingery; that appellant promised that repayment would be made one year later in Arizona; that the loan was consummated by Kingery drawing a check in appellant's favor upon an Arizona bank. Kingery further averred that when appellant failed to repay the loan Kingery filed suit in the Maricopa County Superior Court and in accordance with the Arizona Rules of Civil Procedure caused personal service of the summons and a copy of the complaint to be made upon appellant in California by the Sheriff of Los Angeles County; that the sheriff's return of service was filed in the Arizona action wherein the judgment sought to be established in the instant proceeding was rendered and said judgment subsequently was entered by the Arizona court in the amount alleged in the complaint on file herein.

Appellant filed no opposing affidavit and summary judgment was granted as prayed. Appellant's contentions on this appeal are predicated upon his mistaken assumption that for the affidavit in support of a motion for summary judgment to be sufficient, it must reassert all the material facts alleged in the moving party's pleadings even though these facts theretofore have been admitted and are no longer issues in the action.

'' 'The purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned.' '' (*Aero Properties, Inc.* v. *Gottlieb,* 206 Cal.App.2d 711, 715 [24 Cal.Rptr. 277].)

The applicable rule is stated as follows in *University of Southern Cal.* v. *Weiss,* 208 Cal.App.2d 759, 767 [25 Cal.Rptr. 475]:

''It thus appears that since the allegations of the complaint, just referred to, were admitted by failing to deny them, there was no issue as to: [the issues thus admitted]. It is true that the affidavit in support of the motion did not contain a statement of those admitted facts, but it is clear that

stating such facts again in the affidavit would not serve any useful purpose in connection with a determination of the facts of the case—those facts were already determined by defendant's admissions. It was not necessary to state such admitted facts in the affidavit. (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 752-753 [68 P.2d 322].)''

In *Vallejo* v. *Montebello Sewer Co. Inc.*, 209 Cal.App.2d 721, 735 [26 Cal.Rptr. 447], the court stated that ''the affidavit in support of the motion must contain the requisite facts which are *controverted* by the pleadings. It is not necessary to state facts in the affidavit which are admitted by the pleadings.''

Therefore, since appellant's answer raised no issue as to the merits of the Arizona judgment sued upon, other than the asserted lack of personal jurisdiction to enter such judgment, it was unnecessary for the affidavit filed by respondent in support of his motion to ''set forth the particulars of the Arizona Judgment'' or ''the contents of the documents served upon appellant by the Los Angeles County Sheriff,'' as appellant mistakenly contends.

The uncontradicted affidavit supporting respondent's motion shows that through his attorneys, Kingery received written notification from the Los Angeles County Sheriff that Yow was served with a copy of the summons and complaint in the Arizona action. Pursuant to California Government Code section 26662, ''The return of the sheriff upon process or notices is prima facie evidence of the facts stated in the return,'' and the law presumes that an officer will discharge his duties. Hence, the statement in the affidavit that the sheriff issued a return of service showing that service was made is direct evidence of this fact.

Moreover, the affidavit on this point would not even have been necessary in view of the strong presumption in favor of a judgment, which may be overcome only by proof on the defendant's part of a lack of jurisdiction. (Cf. *Arko* v. *Starsevich*, 237 Cal.App.2d 84, 86 [46 Cal.Rptr. 596].) The rule has been stated in *Estate of Hancock*, 156 Cal. 804, 807 [106 P. 58, 134 Am.St.Rep. 177], as follows:

'' [The judgment of a court of another state is] open *to the person against whom the judgment is attempted to be used* to show by evidence . . . that the court purporting to give the judgment was without jurisdiction . . . of the parties. If such lack of jurisdiction . . . is not made to appear, the judgment is as final and conclusive on collateral attack as

would be a judgment of one of our own superior courts, . . .''
(Italics added.)

The burden of showing want of jurisdiction is on the
defendant. (*De Young* v. *De Young,* 27 Cal.2d 521, 524 [165
P.2d 457] ; *Collins* v. *Maude,* 144 Cal. 289, 293 [77 P. 945].)
And since the Arizona court must be presumed to have acted
properly (see *Estate of Hancock, supra,* 156 Cal. 804, 807),
it presumptively would not have rendered a judgment against
Yow unless the sheriff's return of service showed that Yow had
been served. *Not only, therefore, was it affirmatively shown
that appellant was personally served with copies of the sum-
mons and complaint in the Arizona action, but appellant has
filed no affidavit and has made no declaration tending in any
way to controvert this fact.*

Appellant has not questioned the constitutionality of rule 4
of the Arizona Rules of Civil Procedure which provides in
pertinent part that ''When the defendant . . . has caused
an event to occur in this state out of which the claim which is
the subject of the complaint arose, service may be made as
herein provided, and when so made shall be of the same effect
as personal service within the state.'' Neither has appellant
offered any argument against the validity of the provision of
the Arizona rule for direct personal service of the summons
and complaint by the method followed in this case.

Indeed, the validity of rule 4 of the Arizona Rules of Civil
Procedure as applied to the facts of the instant case appears
to be beyond reasonable question. Respondent's affidavit
affirmatively establishes that in the consummation of the trans-
action giving rise to the cause of action upon which the
Arizona judgment is based, appellant had more than the
''minimum contacts'' with Arizona necessary to provide a
basis for the exercise of in personam jurisdiction by the Ari-
zona court.

The United States Supreme Court enunciated the control-
ling principles governing the extension of in personam juris-
diction of the forum over nonresidents in *International Shoe
Co.* v. *Washington,* 326 U.S. 310, 316 [90 L.Ed. 95, 66 S.Ct.
154, 161 A.L.R. 1057], as follows:

''Historically the jurisdiction of courts to render judgment
*in personam* is grounded on their de facto power over the
defendant's person. Hence his presence within the territorial
jurisdiction of a court was prerequisite to its rendition of a
judgment personally binding him. *Pennoyer* v. *Neff,* 95 U.S.
714, 733 [24 L.Ed. 565, 572]. But now that the *capias ad*

*respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (Italics added.)

And in *McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 222 [2 L.Ed.2d 223, 78 S.Ct. 199], the court reaffirmed the doctrine of *International Shoe* and commented: "Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over . . . nonresidents. . . ."

The well considered decision in *Executive Properties, Inc.* v. *Sherman*, 223 F.Supp. 1011, contains a detailed analysis of rule 4 and an exhaustive discussion of the numerous state and federal precedents which establish the constitutional validity of the rule as applied to various factual situations similar to those presented in the case at bench.

Since appellant did not deny the execution or the validity of the assignment from Kingery to respondent alleged in the complaint, there was no need for the affidavit "to set forth the facts relating to the assignment to respondent." Finally, since the complaint alleged that no payment had been made on the judgment and since appellant failed to deny this allegation except by way of asserting that no such payment was required by reason of the Arizona court's lack of jurisdiction in personam over him, it was unnecessary to repeat the amount of the judgment.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.