**Lawrence WANETICK, Plaintiff,**

v.

**MEL'S OF MODESTO, INC., a California Corporation, David Melvin Weiss, Michael Weiss, Lawrence M. Spergel, M.D., Allan Bear, Gregory Dolinajec, Sally Weiss, Rafael Investment Trust, Montgomery Transfer, Jeffrey M. Weiss, Mark S. Weissman, Weiss & Weissman, Inc., a California corporation; Fred Watson, Morey Dungott; Michael Gianelli; Andrew H. Wilson, Defendants.**

No. C–92–1531 SAW.

United States District Court, N.D. California.

Dec. 15, 1992.

Carroll, Burdick & McDonough, Elizabeth Leavy, San Francisco, CA, for plaintiff.

Curtis D. Colaw, Modesto, CA, Shauna T. Rajkowski, Wilson, Ryan & Campilongo, Edward F. Donohue, Long & Levit, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### Summary of Decision

Plaintiff has sued Defendants for securities fraud in conjunction with his investment in Original Mel's Inc., a restaurant franchisor, and Mel's of Modesto, a partnership which franchises an Original Mel's restaurant in Modesto, California. Defendants Gregory Dolinajec, Jeffrey Weiss, Mark Weissman, and Weiss & Weissman, Inc. move to dismiss the complaint for failure to state fraud with particularity, lack of Plaintiff standing, and failure to state a claim upon which relief can be granted. Defendants Andrew Wilson and Michael Gianelli move to dismiss claims alleged against them for failure to state a claim upon which relief can be granted and lack of standing. Plaintiff moves for leave to file a Third Amended Complaint.

The court dismisses without prejudice Counts I, II, III, IV, V, VI, VII, VIII and XII of Plaintiff's Second Amended Complaint. It further dismisses with prejudice Counts IX, X, XI and XIII. Plaintiff's motion for leave to amend is granted.

### I. Background

Plaintiff is a doctor who invested in Original Mel's Inc., a restaurant franchisor, and Mel's of Modesto, a partnership which franchises an Original Mel's restaurant in Modesto, California. Sometime before October 1, 1990, Plaintiff met Defendant Mel Weiss. Weiss made oral representations to Plaintiff about the profitability of Original Mel's, Inc., and induced Plaintiff to invest. Plaintiff purchased a 20% interest in Mel's of Modesto partnership for $120,000.00 and purchased stock in Original Mel's, Inc. for $265,000.00. On May 10, 1991, eight days after Plaintiff made his last investment in Original Mel's, Inc., Original Mel's, Inc. instituted Chapter 11 bankruptcy proceedings in San Francisco, California.

Plaintiff filed a complaint which divides allegations into Group I and Group II Defendants. Plaintiff alleges that Group I Defendants individually and as a group, misrepresented the financial stability and profitability of Original Mel's, Inc. and Mel's of Modesto, failed to disclose certain material facts to Plaintiff, and failed to file federal or state registration statements for the offerings of the limited partnership interest in Mel's of Modesto and the common stock of Original Mel's, Inc. Plaintiff further states that members of the law firm of Weiss & Weissman, fraudulently induced him to sign a limited partnership agreement which limited Plaintiff's rights.

Based on these allegations Plaintiff brings thirteen causes of action against the Group I Defendants. Count I alleges failure to register securities in violation of § 12(1) of the Securities Act of 1933. Count II alleges omission of material facts in violation of § 10(b) and rule 10(b)–5 of the Securities Exchange Act of 1934. Count III alleges violation of §§ 1961(1)(A, D) and (d) and §§ 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act (RICO). Count IV alleges failure to qualify securities in violation of Cal. Corp.Code § 25110 *et seq.* Count V alleges dissemination of communications contain-

ing false statements and omissions in violation of Cal.Corp.Code § 25401. Count VI alleges insider trading in violation of Cal. Corp.Code Section § 25402. Count VII alleges conspiracy to defraud. Count VIII alleges negligent misrepresentation. Counts IX and X allege intentional and negligent infliction of emotional distress, respectively. Count XI alleges conversion and requests imposition of constructive trust. Count XII alleges common-law fraud. Count XIII alleges professional negligence.

Plaintiff alleges that Group II Defendants improperly accepted payments for services rendered to Mel Weiss and to Original Mel's, Inc. drawn on funds belonging to the Mel's of Modesto partnership. Group II Defendants Wilson and Gianelli are charged in Counts IX, X and XI with intentional infliction of emotional distress, negligent infliction of emotional distress and conversion.

Group I Defendants Gregory Dolinajec, Jeffrey Weiss, Mark S. Weissman, and Weiss & Weissman move to dismiss Plaintiff's complaint on several grounds. They allege that Counts I, II, III, IV, V, VI, VII, VIII and XII fail to comply with the particularity requirements of Fed.R.Civ.P. 9(b). They further move to dismiss Counts I, IV, V and VI with prejudice, alleging that Defendants are not proper parties for suit under the relevant statutory provisions. They move to dismiss Counts III, VII, IX, X and XIII with prejudice for failure to state a claim upon which relief can be granted. They further move to dismiss Count XI on the grounds that Plaintiff lacks standing to sue.

Group II Defendants, Andrew Wilson and Michael Gianelli, also move to dismiss Count XI, alleging that Plaintiff lacks standing to sue. They further move to dismiss Counts IX and X for failure to state a claim on which relief can be granted.

Plaintiff moves for leave to file a Third Amended Complaint.

## II. Discussion

### A. Dismissal Under Rule 9(b)

To survive a motion to dismiss, a complaint alleging fraud must satisfy the particularity requirement of Fed.R.Civ.P. 9(b). Allegations of fraud must be pled with specificity to "give defendants notice of the particular conduct alleged to constitute the fraud charge ...," *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985), and to "prohibit a plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id.*

■ At a minimum, a complaint sounding in fraud must state the time and place of alleged misrepresentations and omissions and their content. *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 867 (9th Cir.1977). Each defendant must be notified of the circumstances surrounding the fraudulent conduct with which it individually has been charged. *McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639 (N.D.Cal.1980); see also *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp. 518, 522 n. 7 (S.D.N.Y.1977).

■ Plaintiff fails to satisfy these particularity requirements. Aside from narrowing the series of misrepresentations to a period of ten months, Plaintiff does not identify the time or place of the allegedly fraudulent communications.

■ Similarly, with the exception of one misrepresentation about the nature of the partnership agreement, which Plaintiff specifically identifies with members of the Weiss & Weissman law firm, Plaintiff's Second Amended Complaint fails to particularize the allegations against Defendants Jeffrey Weiss, Mark Weissman, Gregory Dolinajec and Weiss & Weissman. Instead, the majority of its allegations attribute the conduct alleged to "certain Group One defendants".[1]

---

**1.** Plaintiff cites *Wool v. Tandem Computers*, 818 F.2d 1433, 1440 (9th Cir.1987), for the proposition that, in cases of corporate fraud, if the alleged misrepresentations appear in "group

published information", it is reasonable to presume that they are the collective actions of the officers. *Wool's* relaxed pleading rule applies, however, only to publicly-held companies where

■ Given the failure to specify which Defendants are charged with which misrepresentations and which facts support these allegations of liability, the fraud allegations contained in Counts II, III[2], IV, V, VI, VII[3], VIII and XII of the complaint do not comply with the specificity requirements of Rule 9(b).[4]

### B. Dismissal Under Rule 12(b)(6)

The court's inquiry does not end with its conclusion that Plaintiff has failed to plead several claims with the requisite particularity. Under Fed.R.Civ.P. 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief can be granted if it "appears beyond doubt the Plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1954). In determining whether to dismiss under Rule 12(b)(6), the court must take all of Plaintiff's allegations of material fact as true and construe them in the light most favorable to the non-moving party. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983). The court will consider each ground for 12(b)(6) dismissal separately.

### 1. Seller Status and Control Person Liability

■ Defendants Dolinajec, Jeffrey Weiss, Mark Weissman, and Weiss & Weissman contend that because they neither offered nor sold securities, they are improper defendants under Plaintiff's claims for violations of Section 12(1) (Count I), Cal.Corp.Code § 25110 *et seq.* (Count IV), Cal.Code § 25401 (Count V), and Cal. Corp.Code § 25402 (Count VI). To incur liability as a "seller" under these provisions, an individual must "successfully solicit[ ] the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Pinter v. Dahl*, 486 U.S. 622, 647, 108 S.Ct. 2063, 2078, 100 L.Ed.2d 658 (1988). Because they are not sellers as *Pinter* defined them, Defendants Dolinajec, Jeffrey Weiss, Mark Weissman and Weiss & Weissman have requested that the court dismiss these claims against them with prejudice.

Although these state and federal statutes apply only to offerors and sellers of securities, and although the moving Defendants did not, themselves, offer or sell securities within the meaning of *Pinter*, Plaintiff contends that Gregory Dolinajec is liable and can be sued under these statutes as a "controlling person" of Original Mel's,

---

the defendants are a "narrowly defined group of officers" who have direct involvement in the corporation's day to day affairs and in the preparation of financial statements. *MDC Holdings Securities*, 754 F.Supp. 785, 795 (S.D.Cal.1990). Neither the Mel's of Modesto partnership nor Original Mel's, Inc. are publicly held and Plaintiff has not alleged that Jeffrey Dolinajec, the Secretary of Original Mel's, Inc., was involved in the day-to-day operations of the company or in the preparation of financial statements. Similarly, although Plaintiff states that all Group I Defendants were acting as agents for each other, he fails to describe why Weiss & Weissman and Jeffrey Weiss and Mark Weissman, none of whom are officers or directors of Original Mel's, Inc. are liable for the misrepresentations alleged.

**2.** Plaintiff's RICO claim pled in Count III is predicated on the underlying securities fraud. Because Plaintiff has failed to plead the underlying fraud with particularity, Plaintiff's RICO claim must also fail. *See, Alan Neuman Production, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988) (subjecting RICO claim based on fraud to requirements of Rule 9(b)).

**3.** Count VII alleges conspiracy to commit fraud. Rule 9(b) requires that a conspiracy to commit fraud be pleaded with the same particularity as the fraud itself. *In re Software Toolworks, Inc. Securities Litigation*, 1991 WL 319033, 3, 1991 U.S.Dist. Lexis 20524, 6 (N.D.Cal.1991). To plead a conspiracy to commit a fraud, Plaintiff must state specific facts showing "an agreement to participate in an unlawful act and an injury caused by an unlawful overt act performed in furtherance of the agreement." *Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511, 1520 (N.D.Cal.1990). Plaintiff has failed to meet this burden.

**4.** Defendants also contend that the violation of Section 12(1) alleged in Count I fails to allege fraud with sufficient particularity. Because Section 12(1) creates absolute liability for failure to register securities, that section does not require proof of fraud. Thus, failure to register securities need not be pled with the specificity required by Rule 9(b). *See, Erickson v. Kiddie*, [1985–86 Transfer Binder] Fed.Sec.L.Rep. (CCH) 92,889, 1986 WL 544 (N.D.Cal.1986).

Inc. Plaintiff further contends that Weiss & Weissman can be sued for Dolinajec's offenses under the principle of *respondeat superior*.

■ Under state and federal law, persons are liable for the securities violations of the individuals or entities that they control. *See generally, Wool*, 818 F.2d at 1441. A person controls an individual or entity if he or she possesses, directly or indirectly, "the power to direct or cause the direction or management and policies of a person, whether through the ownership of voting securities, by contract or otherwise." 17 C.F.R. § 230.405 (cited with approval in *Safeway Portland Employees Federal Credit Union v. C.H. Wagner & Co.*, 501 F.2d 1120, 1124 n. 17 (9th Cir. 1974)). Thus, if Plaintiff properly alleges that a defendant "controlled" a "seller" of securities, he can sue an individual defendant under these statutes even if that defendant was not, himself, a "seller".

■ Plaintiff, however, fails adequately to allege "control." Plaintiff contends that because Dolinajec is a member of "a narrowly defined group charged with day-to-day operations" as were defendants in *Wool*, 818 F.2d at 1441, it is reasonable to presume, as the *Wool* court did, that they had the power to control or influence the particular transactions giving rise to the securities fraud violations.

Plaintiff's point is not well-taken. The inapplicability of the *Wool* presumption to this case has been noted previously. Moreover, even under the relaxed *Wool* standard, a plaintiff basing allegations on "control person" status, must inform the defendants who they are alleged to control and what acts or status indicate such control. *In re MDC Securities Litigation*, 754 F.Supp. 785, 797 (S.D.Cal.1990); *Hudson v. Capital Management*, [1982–83 Transfer Binder] Fed.Sec.L.Rep. (CCH) 99,222, 1982 WL 1385 (N.D.Cal.1982). Mere titles are not adequate indicators of control authority. *McFarland*, 493 F.Supp. at 649. Ac-

cord, *In re Gap Stores Litigation*, 457 F.Supp. 1135, 1141 (N.D.Cal.1978).

Plaintiff has failed to meet even the relaxed *Wool* standard. He has not informed Defendants who they are alleged to control or what acts indicate such control. Plaintiff's allegation that Dolinajec is Secretary of Original Mel's, Inc., without more, is insufficient to establish his control of Original Mel's, Inc. and Mel's of Modesto. Furthermore, Plaintiff has failed to establish how Mr. Dolinajec's association with Weiss & Weissman subjects Jeffrey Weiss, Mark Weissman, and Weiss & Weissman to "control person" liability. Because Plaintiff has not adequately pled his control person theory, Counts I, IV, V and VI are dismissed with leave to amend.

### 2. RICO Claims

■ Defendants argue that Plaintiff's RICO claims should be dismissed with prejudice based on Plaintiff's failure to allege the threat of continuing unlawful activity.[5] To succeed on his RICO claim, Plaintiff must allege that Defendants' misrepresentations amount to a pattern of racketeering activity. To allege a pattern of racketeering activity under RICO, Plaintiff must demonstrate (1) a relationship between the predicate acts; and (2) the threat of continuing unlawful activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). "Continuity", under RICO, requires "either a closed period of repeated conduct or . . . past conduct that, by its nature, projects into the future with the threat of repetition." *Id.* at 241, 109 S.Ct. at 2902. Because "Congress was concerned in RICO with long-term criminal conduct," *Id.* at 242, 109 S.Ct. at 2902, predicate acts which "extend[ ] over a few weeks or months" and "threaten[ ] no future criminal conduct" do not satisfy the continuity requirement. *Id.*

In order to allege a pattern of repeated conduct, Plaintiff must allege that other investors were victims of the same fraud

---

**5.** Defendants base their arguments on the RICO claim as pled in Plaintiff's proposed third amended complaint. This claim as pled in the proposed amended complaint is significantly more detailed than the claim as pled in the existing complaint.

and subject to the same or similar representations. Although Plaintiff alleges that other investors received the same private placement memorandum as he did, he does not allege that other investors were induced to invest based on the same misrepresentations. Accordingly, Plaintiff's claim, as currently pled, is defective. However, because it may be possible for Plaintiff to plead a set of facts under which a pattern of racketeering can be shown, Plaintiff is granted leave to amend.

### 3. Intentional and Negligent Infliction of Emotional Distress

Defendants Dolinajec, Jeffrey Weiss, Mark Weissman and Weiss & Weissman move to dismiss with prejudice Counts IX and X for intentional and negligent infliction of emotional distress. They allege that Plaintiff cannot show that his emotional distress was proximately caused by Defendants' conduct. A prima facie case of intentional infliction of emotional distress requires: (1) outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation. *Newby v. Alta Riviera Apartments*, 60 Cal.App.3d 288, 296, 131 Cal.Rptr. 547 (1976). A prima facie case of negligent infliction of emotional distress requires: (1) duty; (2) breach; (3) severe emotional distress; (4) actual and proximate cause. *Carney v. Rotkin, Schmerin and McIntyre*, 206 Cal.App.3d 1513, 254 Cal.Rptr. 478 (1988). To recover for emotional distress under either theory, Plaintiff must show that his distress "naturally ensued from the acts complained of ..." *Merenda v. The Superior Court of Nevada*, 3 Cal.App.4th 1, 5, 4 Cal.Rptr.2d 87 (1992). There must be "actual and proximate causation of the emotional distress *by defendant's outrageous conduct.*" *Carney*, 206 Cal.App.3d at 1524, 254 Cal.Rptr. 478 (emphasis added). When he first learned of Original Mel's, Inc.'s financial stability and about the allegedly routine nature of the limited partnership agreement, Plaintiff believed this to be good news. These statements about the optimistic prospects for Original Mel's, Inc. are not the type of announcements which might cause someone distress at the time they were made. At best Plaintiff can argue that he suffered severe emotional distress upon learning of the alleged falsity of Defendants' claims and upon concluding that he had lost his investment. Plaintiff's injury, however, is too attenuated from Defendants' alleged conduct to meet the proximate causation requirement. Thus Plaintiff's claims for emotional distress fail to state a claim upon which relief can be granted.

Defendants Wilson and Gianelli also move to dismiss Plaintiffs' claims against them for infliction of emotional distress. Wilson and Gianelli are alleged to have caused Plaintiff emotional distress by accepting checks drawn on the Mel's of Modesto limited partnership account in payment for services rendered to Defendants Mel Weiss and Original Mel's, Inc.

A plaintiff can recover for intentional infliction of emotional distress only when the behavior is "so extreme and outrageous 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Alcorn v. Anbro Engineering*, 2 Cal.3d 493, 498 n. 5, 86 Cal.Rptr. 88, 468 P.2d 216 (1970). Wilson's and Gianelli's acceptance of payment for services rendered does not constitute conduct outrageous enough to give rise to liability for intentional infliction of emotional distress. Thus Count IX against Wilson and Gianelli fails to state a claim upon which relief can be granted.

Nor can Plaintiff sustain a claim against Wilson and Gianelli for negligent infliction of emotional distress. Gianelli and Wilson did not owe Plaintiff a duty which would give rise to liability. Recovery for negligently inflicted emotional distress is permitted only in cases where a duty arises because (1) there is a special relationship between the parties; (2) the plaintiff is the direct object of the defendant's conduct; (3) the plaintiff is a percipient witness to the results of the defendant's negligent act; or (4) there is a loss

of spousal consortium. *Branch v. Homefed Bank,* 6 Cal.App.4th 793, 800, 8 Cal. Rptr.2d 182 (1992); *Holliday v. Jones,* 215 Cal.App.3d 102, 264 Cal.Rptr. 448 (1989). Because Plaintiff's claims against Wilson and Gianelli do not fall into any of these categories, Count X against Wilson and Gianelli fails to state a claim upon which relief can be granted.

### 4. Conversion of Partnership Assets

All moving Defendants move to dismiss Count XI (alleging conversion of partnership assets) on the ground that Plaintiff does not have standing to sue. Defendants' point is well-taken.

Conversion is an act of willful interference with personal property by which an individual entitled to the property is deprived of its use or possession. *DeVries v. Brumback,* 53 Cal.2d 643, 647, 2 Cal.Rptr. 764, 349 P.2d 532 (1960). To bring an action for conversion, a plaintiff must establish that he or she had actual possession of the property, *Igauye v. Howard,* 114 Cal.App.2d 122, 127, 249 P.2d 558 (1952), or the right to immediate possession of the property at the time the alleged conversion occurred. *Aero Properties Inc. v. Gottlieb,* 206 Cal.App.2d 711, 716, 24 Cal.Rptr. 277 (1962). Plaintiff neither owned nor had the right to possess the limited partnership funds at the time of the alleged conversion. A limited partner does not have a property interest in specific partnership assets. Cal.Corp.Code § 15671; *Crocker Nat'l Bank v. Perroton,* 208 Cal.App.3d 1, 7, 255 Cal.Rptr. 794 (1989). Because Plaintiff neither owned nor had the right to possess partnership assets, he cannot demand such assets in a conversion action.

### 5. Professional Negligence

Defendants Dolinajec, Weiss, Weissman and Weiss & Weissman move to dismiss Count XIII for failure to state a claim on which relief can be granted. Count XIII for professional negligence alleges that, in inducing Plaintiff to sign a limited partnership agreement which limited Plaintiff's rights, Defendants Dolinajec, Jeffrey Weiss, Mark Weissman and Weiss & Weissman negligently represented clients with conflicting interests without obtaining their informed written consent.

This allegation amounts to a claim that Defendants fraudulently concealed their true loyalties and interests in inducing Plaintiff to sign the limited partnership agreement. To support liability for fraudulent concealment, an affirmative duty of disclosure is required. *Goodman v. Kennedy,* 18 Cal.3d 335, 341–45, 134 Cal.Rptr. 375, 556 P.2d 737. Plaintiff has failed to allege such a duty. Attorneys for limited partnerships do not owe fiduciary duties to limited partners. *Kapelus v. State Bar of California,* 44 Cal.3d 179, 191–92, 242 Cal. Rptr. 196, 745 P.2d 917 (1987). Attorneys, similarly, have no duty to volunteer advice for the benefit of a non-client with whom the client deals in an arm's length sales transaction. *Goodman,* 18 Cal.3d at 344, 134 Cal.Rptr. 375, 556 P.2d 737. Because Plaintiff has failed to allege the existence of a duty, Plaintiff's claim for professional negligence fails to state a claim upon which relief can be granted.

### C. Motion for Leave to Amend

Plaintiff moves for leave to amend his complaint. Under Fed.R.Civ.P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." This provision is interpreted liberally: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In addition to curing any alleged defects, Plaintiff proposes to amend his complaint to add two causes of action: Intentional Interference with Economic Relationship and Negligent Interference with Economic Relationship. Because the case has yet to begin discovery or trial, permitting amendment will not cause undue prejudice or delay. Similarly, because the court cannot determine that, as a matter of law, amend-

ment would be futile, leave to amend is proper.

Accordingly, IT IS HEREBY ORDERED that

1. Counts I, II, III, IV, V, VI, VII, VIII and XII of Plaintiff's Second Amended Complaint are dismissed WITHOUT PREJUDICE.

2. Counts IX, X, and XI of Plaintiff's Second Amended Complaint are dismissed as to Defendants Dolinajec, Jeffrey Weiss, Mark Weissman, Weiss & Weissman, Wilson and Gianelli WITH PREJUDICE WITHOUT LEAVE TO AMEND.

3. Count XIII is dismissed as to Defendants Dolinajec, Jeffrey Weiss, Mark Weissman, and Weiss & Weissman WITH PREJUDICE WITHOUT LEAVE TO AMEND.

4. Plaintiff's Motion for Leave to File a Third Amended Complaint is GRANTED, provided that the causes of action asserted in the Counts above dismissed with prejudice are not re-asserted directly or indirectly. Plaintiff is given 30 days to amend.